U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 1 3 2008
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JERRY GLENN SILLERS, JR., | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:08-CV-055-A |
| | § | |
| THE CITY OF EVERMAN, TEXAS, ET AL. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Now pending in the above-captioned action is the motion to dismiss, alternative motion for more definite statement, and alternative motion for reply pursuant to Rule 7(a) of the Federal Rules of Civil Procedure, filed by defendants, City of Everman, Texas ("City"), Randy Sanders, Michael Hanson, and Robert Alonso. Plaintiff, Jerry Glenn Sillers, Jr., filed a response thereto, and defendants timely replied. Having considered the motions, response, reply, plaintiff's complaint, and applicable authorities, the court concludes that defendants' motion to dismiss should be granted.

I.

## Plaintiff's Complaint

Plaintiff's complaint seeks relief for the termination of his employment as a police officer with City. He claims that during late 2006 and early 2007 he witnessed unlawful acts committed by his fellow police officers against other citizens, and that he was terminated from his employment after he relayed his concerns over these alleged acts to his supervising sergeants and the Chief of Police. Plaintiff now asserts violations of his First and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, as well as violations of 42 U.S.C. § 1985.

II.

## Grounds of the Motion

Defendants maintain that plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted. The individual defendants contend that plaintiff failed to sufficiently plead causes of action as to them, and seek: dismissal of claims against them in their official capacity on the basis of qualified immunity; dismissal of claims against them individually; or, alternatively, that plaintiff submit a reply under Rule 7(a) of the Federal Rules of Civil Procedure as to their defense of qualified immunity. City contends plaintiff

failed to state a claim upon which relief may be granted because he failed to establish the deprivation of a constitutional right, or that City caused the deprivation through its policy, practice or custom. Alternatively, City moves for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. All defendants seek dismissal of plaintiff's § 1985 claims as wholly lacking in factual allegations. Finally, City seeks dismissal of plaintiff's claim for punitive damages as it does not survive Eleventh Amendment immunity.

III.

Applicable Legal Standards

The standards for deciding a motion to dismiss for failure to state a claim are well-settled. The court's task is to determine "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In Conley v. Gibson, 355 U.S. 41 (1957), the Supreme Court said that a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46. However, the Supreme Court has held that it did not quite mean its "no set of facts" statement in

Conley. Bell Atlantic Corp. v. Twombly, 550 U.S. ____, 127 S. Ct. 1955, 1968-69 (2007) (stating that the Conley "no set of facts" statement "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival," at 1969).

In evaluating whether the complaint states a viable claim, the court construes the allegations of the complaint favorably to the pleader. Scheuer, 416 U.S. at 236. However, the court does not accept conclusory allegations or unwarranted deductions of fact as true. Bell Atlantic, 127 S. Ct. at 1964-65 (stating that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (citations, brackets, and quotation marks omitted)); Tuchman v. DSC Communications Corp., 14 F.3d 1061, 1067 (5th Cir. 1994); Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992). On a motion to dismiss for failure to state a claim, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

IV.

Analysis

A. <u>Plaintiff's Claims Under 42 U.S.C. § 1983.</u>

Because plaintiff's § 1983 claims are based on his contention that defendants violated his First Amendment right of freedom of speech, the threshold inquiry is whether plaintiff's communications to his superiors constitute speech protected by the First Amendment. <u>See id.</u> at 310.

Public employees do not abandon all First Amendment rights by virtue of their employment. Rather, "the First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen on matters of public concern." <u>Williams v. Dallas Indep. Sch. Dist.</u>, 480 F.3d 689, 691 (5th Cir. 2007). In determining if a public employee's speech is protected, the court's focus is not the content of the speech but rather "the role the speaker occupied when he said it". <u>Davis</u>, 518 F.3d at 312. Stated differently, the court must consider whether the plaintiff's speech in question was made pursuant to his public employment or as a private citizen. <u>See id.</u> A public employee's speech – no matter how great the social significance – does not garner First Amendment protection if it was made "pursuant to the

worker's official duties." Williams, 480 F.3d at 692 (internal citations omitted).

The Fifth Circuit has noted the distinction in case law between speech "that is the kind of activity engaged in by citizens who do not work for the government and activities undertaken in the course of performing one's job." Davis, 518 F.3d at 312-13 (internal quotations and citations omitted). Although not dispositive, the cases are consistent in holding that a public employee who raises concerns related to his job function up his chain of command does so as part of his official duties and not as protected speech. See id. at 315-16 (issues raised by employee that related to her job duties and were sent up her chain of command not protected speech); Williams, 480 F.3d at 694 (high school athletic director's memorandum, sent to his principal and office manager, describing concerns about daily operations in his department of which employee had "special knowledge" through his employment, not protected speech); see also Foraker v. Chaffinch, 501 F.3d 231, 243 (3d Cir. 2007) (police firearms trainers who reported health and safety concerns about the firing range up the chain of command acted pursuant to job duties); Battle v. Bd. of Regents, 468 F.3d 755, 761 (11th Cir.

2006)(university employee's internal reports regarding alleged fraud and mismanagement by supervisor not protected speech).

It is evident that plaintiff in the present action made the statements in question in the course of performing his duties as a police officer; the statements reflected his knowledge of acts committed by his fellow officers, knowledge that he obtained through his duties as a police officer; and, significantly, the statements were all made internally, up his chain of command, rather than to outside individuals or entities. The court concludes that plaintiff's speech was made pursuant to his official duties and is therefore not protected First Amendment speech.[1] Because plaintiff has failed to allege a violation of a constitutional right, the court is dismissing plaintiff's § 1983 claims.

B. <u>Plaintiff's claims under 42 U.S.C. § 1985.</u>

Section 1985 prohibits three broad categories of conspiracies: (1) preventing an officer from performing duties; (2) obstructing justice; intimidating a party, witness, or juror; or (3) depriving persons of rights or privileges. 42 U.S.C.

---

[1] Plaintiff alleges that his communications were matters of public concern. Compl. ¶ 15. Because the court has determined that plaintiff did not engage in protected speech, the court need not consider whether the speech addressed a matter of public concern. See Davis, 518 F.3d at 312.
7

§ 1985(1)-(3). The complaint fails to identify under which section plaintiff's claims purportedly arise. However, in the response plaintiff argues that the complaint pleads causes of action under both § 1985(2) and (3).

To state a cause of action under § 1985(2) or (3), the plaintiff must allege, <u>inter alia</u>, that he "is a victim of a race-based conspiracy." <u>Deubert v. Gulf Federal Sav. Bank</u>, 820 F.2d 754, 757 (5th Cir. 1987); <u>see also Diagle v. Gulf State Utilities Co.,Local Union No. 2286</u>, 794 F.2d 974, 979 (5th Cir. 1986). Failure to allege a race-based conspiracy precludes recovery under § 1985. <u>See Deubert</u>, 820 F.2d at 757. Plaintiff failed to plead any conspiracy, much less one based on race, or even that defendants were motivated by any race-based animus.[2]

In his response plaintiff contends the complaint contains allegations that he "associated himself with the victims of other officers' misconduct (victims based on race)" and that he informally communicated that association to the defendants. Resp. at 5. Similarly, regarding his claim under § 1985(2), the

---

[2] Plaintiff's response cites an unpublished opinion, <u>Pruitt v. City of Campbell</u>, 2001 U.S. Dist. LEXIS 18817 (N.D. Tex. Nov. 13, 2001), for the proposition that a § 1985 plaintiff must allege an "intellectual nexus (i.e., an identifiable body with which the plaintiff associated himself by some affirmative act)." This is neither the holding of <u>Pruitt</u> nor does it accurately describe the elements of a cause of action under § 1985.

8

response states only that "[plaintiff] has alleged class based discrimination." Resp. at 6. Even under a liberal reading of the Complaint, plaintiff has made no such allegations. Therefore, the court is dismissing plaintiff's claims under § 1985 as to all defendants.

V.

Order

For the reasons stated herein,

The court ORDERS that the motion of defendants to dismiss be, and is hereby, granted.

The court further ORDERS that all claims asserted by plaintiff against defendants in the above-styled action be, and are hereby, dismissed with prejudice.

The court further ORDERS that defendants' motion for more definite statement and motion for reply pursuant to Rule 7(a) of the Federal Rules of Civil Procedure be, and are hereby, denied as moot.

SIGNED May 13, 2008.

JOHN McBRYDE
United States District Judge